TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JENNIFER L. YAZDI (SBN 301868)
jyazdi@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendants
Unifund CCR Partners;
Unifund Portfolio A, LLC;
Matthew W. Quall;
Lang, Richert & Patch,
A Professional Corporation

UNITED STATE DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDEEP S BIDWAL,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNIFUND CCR PARTNERS; UNIFUND PORTFOLIO A, LLC; MATTHEW W. QUALL; LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION; EDP/ONE TOUCH; J. ASCORRA; J. WILLIAMS; AND DOES 1 TO 10;<br><br>  Defendants. | Case No. 3:17-cv-02699-LB<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS UNIFUND CCR PARTNERS, UNIFUND PORTFOLIO A, LLC, MATTHEW W. QUALL, AND LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION** |

Defendants UNIFUND CCR PARTNERS ("Unifund CCR") and UNIFUND PORTFOLIO A, LLC ("Unifund Portfolio"), MATTHEW W. QUALL ("Quall"), and LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION ("LRP") (collectively "Defendants") hereby submit the following Answer to the Complaint in this action by plaintiff JAGDEEP S BIDWALL ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that Plaintiff claims this court has both personal and subject matter jurisdiction. To the extent not herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants lack sufficient knowledge or information regarding whether the challenged conduct occurred while Plaintiff resided in Alameda County. To the extent not herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants lack sufficient knowledge or information regarding whether Plaintiff resides within this district. To the extent not herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendant Unifund CCR admits it has at times engaged in attempts to collect unpaid financial obligations. Defendant lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation at issue in this action was incurred primarily for personal, family, or household use, and on that basis, Defendant denies that the obligation constitutes a "debt" as defined by 15 U.S.C. 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendant Unifund Portfolio admits it is an Ohio Limited Liability Company. To the extent not herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant LRP admits that it is a professional corporation which has at times has attempted to collect unpaid

financial obligations. Defendant lacks sufficient knowledge or information regarding whether the unpaid financial obligation at issue in this action was incurred primarily for personal, family, or household use, and on that basis, Defendant denies that the obligation constitutes a "debt" as defined by 15 U.S.C. 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant Quall admits he has at times collected or attempted to collect outstanding financial obligations. Defendant lacks sufficient knowledge or information to from a belief as to whether the unpaid financial obligation at issue in this action was incurred primarily for personal, family, or household use, and on that basis, Defendant denies that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

9. In answering Paragraph 9 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

10. In answering Paragraph 10 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

11. In answering Paragraph 11 of the Complaint, Defendants aver that Plaintiff alleges that the true names and capacities of the defendants sued herein as DOES 1-10 are unknown to Plaintiff. Defendants deny any liability. To the extent not herein admitted, the remaining allegations of Paragraph 11 are denied.

12. Denied.

13. In answering Paragraph 13 of the Complaint, Defendants admit that Plaintiff defaulted on payments to his Citibank credit card account. Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use and, and on that basis, Defendants deny that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(c). To the extent not herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that Defendant Unifund Portfolio acquired the Account after Plaintiff defaulted. To the extent not herein admitted, the remaining allegations of Paragraph 14 are denied.

15. In answering Paragraph 15 of the Complaint, Defendants admit the Account was assigned to Unifund CCR for servicing. To the extent not herein admitted, the remaining allegations of Paragraph 15 are denied.

16. In answering Paragraph 16 of the Complaint, Defendants admit the Account was referred to Defendant Lang Richert & Patch for collection. To the extent not herein admitted, the remaining allegations of Paragraph 16 are denied.

17. In answering Paragraph 18 of the Complaint, Defendants admit that the contents of the pleadings filed in the state court lawsuit referenced in that Paragraph are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 17 are denied.

18. In answering Paragraph 18 of the Complaint, Defendants aver that the contents of the process server report are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 18 are denied.

19. In answering Paragraph 19 of the Complaint, Defendants aver that the contents of the declaration referenced in this Paragraph are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 19 are denied.

BIDWAL v. UNIFUND CCR PARTNERS, et al.  (CASE NO.:3:17-cv-02699-LB)
ANSWER TO COMPLAINT                                                                  4

20. In answering Paragraph 20 of the Complaint, Defendants aver that the contents of the declaration referenced in this Paragraph are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 20 are denied.

21. Denied.

22. In answering Paragraph 22 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to when Plaintiff discovered the suit was filed against him. To the extent not herein admitted, the remaining allegations of Paragraph 22 are denied.

23. Denied.

24. In answering Paragraph 24 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff and his wife contained important items in a safe deposit box. To the extent not herein admitted, the remaining allegations of Paragraph 24.

25. Denied.

26. In answering Paragraph 26 of the Complaint, Defendants aver that the contents of the letter referenced in this Paragraph are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 26 are denied.

27. Denied.

28. Admitted.

29. Admitted.

30. Defendants incorporate by reference Paragraphs 1 through 29.

31. In answering Paragraph 31 of the Complaint, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C 1692a(5) or a "consumer debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 31 are denied.

|   |   |   |
|---|---|---|
| 1 | 32. | Denied. |
| 2 | 33. | Denied. |
| 3 | 34. | Denied. |
| 4 | 35. | Denied. |
| 5 | 36. | Denied. |
| 6 | 37. | Defendants incorporate by reference Paragraphs 1 through 36. |
| 7 | 38. | Denied. |

39. In answering Paragraph 39 of the Complaint, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 39 are denied.

40. Denied.

41. In answering Paragraph 41 of the Complaint, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny that the obligation constitutes a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f). To the extent not herein admitted, the remaining allegations of Paragraph 41 are denied.

42. Denied.
43. Denied.
44. Denied.
45. Denied.
46. Denied.
47. Denied.

//

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (No Willful Conduct)

Defendants acted in good faith at all times in its dealings with Plaintiff, and if any conduct by any Defendant is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

//
//
//
//
//

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant laws.

### EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

//
//
//

## NINTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or has no control.

## TENTH AFFIRMATIVE DEFENSE
## (Equitable Or Express Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable or express indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
## (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the Fair Debt Collection Practices Act and state law must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues

## TWELFTH AFFIRMATIVE DEFENSE
## (Standing)

Plaintiff has suffered no "injury in fact" as a result of the alleged violation and therefore lacks standing to sue.

//
//
//

BIDWAL v. UNIFUND CCR PARTNERS, et al. (CASE NO.:3:17-cv-02699-LB)
ANSWER TO COMPLAINT

9

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims against Defendants are barred, in whole or in part, by the virtue of the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Set Off)

Any damages to be claimed by Plaintiff is barred, in whole or in part, by the amount that is due and owing from Plaintiff to Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The causes of action in the Complaint are barred, in whole or in part, by the litigation privilege.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendants recovers from Plaintiff costs according to proof.

3. That Defendants recovers attorneys' fees according to proof.

1     4.    That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: June 26, 2017

SIMMONDS & NARITA LLP
TOMIO B. NARITA
JENNIFER L. YAZDI

By:   /s/ Jennifer L. Yazdi
      Jennifer L. Yazdi
      Attorneys for Defendants
      Unifund CCR Partners;
      Unifund Portfolio A, LLC;
      Matthew W. Quall;
      Lang, Richert & Patch,
      A Professional Corporation

BIDWAL v. UNIFUND CCR PARTNERS, et al.  (CASE NO.:3:17-cv-02699-LB)
ANSWER TO COMPLAINT

11