ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd, Suite 1600
Los Angeles, California 90024
Telephone (310) 943-0298
Facsimile: (310) 943-2255

Robert Stempler, Cal. Bar No. 160299
Email: Robert@StopCollectionHarassment.com
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
P.O. Box 7145
Oxnard, CA 93031-7145

Telephone (805) 246-2300
Fax: (805) 576-7800

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jagdeep S Bidwal,<br><br>    Plaintiff,<br><br>    vs.<br><br>Unifund CCR Partners; Unifund Portfolio A, LLC; Matthew W. Quall; Lang, Richert & Patch, A Professional Corporation; Electronic Document Processing Inc.; J. Ascorra; J. Williams;<br><br>    Defendants. | Case No. 3:17-cv-02699-LB<br><br>FIRST AMENDED COMPLAINT FOR:<br>1. VIOLATING THE FAIR DEBT COLLECTION PRACTICES ACT;<br>2. VIOLATING THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;<br><br>and DEMAND FOR JURY TRIAL |

///

///

///

- 1 -
Exhibit A

## Jurisdiction

1. Jurisdiction of this court arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. In addition, the defendants have sufficient contacts in this district to subject them to personal jurisdiction here.

## Intradistrict Assignment

2. Venue is proper in the Northern District of California because the challenged conduct occurred while Plaintiff resided in Alameda County and the defendants do business in this district.

## Parties

3. The plaintiff, Jagdeep S Bidwal ["Bidwal" or "Plaintiff"], is a natural person residing within this district.

4. Defendant Unifund CCR Partners, which is also sometimes known as Unifund CCR Partners, a Partnership Doing Business in California ["Unifund CCR"], an entity of unknown jurisdiction, purchases defaulted debts as a "debt buyer" and was, at all times relevant to this complaint, a business entity which regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

5. Defendant Unifund Portfolio A, LLC is an Ohio Limited Liability Company ["Unifund A"], which purchases defaulted debts as a "debt buyer" and was, at all times relevant to this complaint, a business entity which regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

6. Defendant Lang, Richert & Patch, a Professional Corporation ["LRAP"] was, at all times relevant to this complaint, a business entity which regularly collects

1  or attempts to collect, directly or indirectly, debts owed or asserted to be owed to
2  another.
3      7.      Defendant Matthew W. Quall ["Mr. Quall"]  was, at all times relevant
4  to this complaint, an individual who regularly collects or attempts to collect, directly
5  or indirectly, debts owed or asserted to be owed to another.
6      8.      Defendant Electronic Document Processing Inc. also sometimes known
7  as "EDP/One Touch" ["EDP"] was, at all times relevant to this complaint, a business
8  entity which regularly collects or attempts to collect, directly or indirectly, debts
9  owed or asserted to be owed to another.
10      9.      Defendant J. Ascorra ["Ascorra"] was, at all times relevant to this
11  complaint, an individual who regularly collects or attempts to collect, directly or
12  indirectly, debts owed or asserted to be owed to another.
13      10.     Defendant J. Williams ["Williams"] was, at all times relevant to this
14  complaint, an individual who regularly collects or attempts to collect, directly or
15  indirectly, debts owed or asserted to be owed to another.
16      11.     The true names and capacities of the defendants sued herein as DOES
17  1-10, inclusive, are unknown to Plaintiff, at the present time.  Each of the defendants
18  were the agents and/or employees of each other and were acting in the course and
19  scope of their agency, employment and authority and with the permission and consent
20  of their co-defendants in committing the acts alleged. The defendants, and each of
21  them, are jointly and severally liable to Plaintiff.
22      12.     Each of the forgoing defendants are a person who uses any
23  instrumentality of interstate commerce or the mails in any business the principal
24  purpose of which is the collection of any debts, or who regularly collects or attempts
25  to collect, directly or indirectly, debts owed or due or asserted to be owed or due
26  another, and thus a "debt collector," pursuant to 15 U.S.C. § 1692a(6).
27  ///
28  ///

Facts Supporting Each Claim

13. Several years ago, Plaintiff incurred a credit card debt to Citibank for transactions in which Plaintiff purchased goods or services primarily for personal, family and household purposes [the "Debt"].

14. Purportedly, after Plaintiff defaulted in payments to Citibank on the Debt, defendant Unifund A acquired the Debt.

15. Purportedly, some time thereafter, Unifund A assigned its rights in the Debt to Unifund CCR.

16. Purportedly, some time thereafter, Unifund CCR forwarded the Debt to LRAP for collection, including commencement of a collection lawsuit.

17. Unifund CCR hired LRAP to bring a lawsuit against Plaintiff. LRAP filed the lawsuit in California Superior Court in the County of Los Angeles, as "Unifund CCR Partners v. Bidwal," Case Number 10E14426 (the "Lawsuit"). Mr. Quall was attorney of record and signed the complaint and various other filings in the Lawsuit through September 29, 2016.

18. LRAP's process server, defendant EDP, went to an address in Sherman Oaks, California to serve Plaintiff with the complaint. Plaintiff did not live at the Sherman Oaks address, but resided in Alameda county at the time. On or about November 30, 2010, EDP's process server informed LRAP that "Subject not at this address" and that "there are new tenants living at the given apt number" in Sherman Oaks. Nevertheless, knowing that Plaintiff did not live at the Sherman Oaks address, Mr. Quall, LRAP and EDP continued to send process servers out to the same incorrect address.

19. Over six months later, on or about June 21 and 28, 2011, defendant Ascorra, an employee or agent of EDP, prepared and signed false declarations that Plaintiff had been substitute served at the same address in Sherman Oaks. LRAP, Mr. Quall, and/or EDP with LRAP's authorization, filed the false declarations in the California Superior Court case.

20. On or about March 18, 2013, defendant Williams, an employee or agent of EDP, prepared and signed another proof of service stating under oath that Plaintiff had been personally served at the apartment in Sherman Oaks. Once again, LRAP, Mr. Quall, and/or EDP with LRAP's authorization, filed the false declarations in the California Superior Court case.

21. On or about October 13, 2011, defendants obtained a default judgment against Plaintiff, based on the false affidavits of service.

22. Through no fault of his own, Plaintiff did not discover the existence of defendants' Lawsuit or their false proofs of service, until approximately October 2, 2016.

23. On September 29, 2016, while knowing that the default judgment was void and had been obtained by their own fraud on the court, Defendant Unifund CCR, Mr. Quall and his law firm, Quall Cardot LLP, obtained a Writ of Execution in the California Superior Court collection case, which was then forwarded to the Sheriff's Department for the County of Los Angeles to enforce upon Plaintiff's assets held in JP Morgan Chase Bank, Chase bank froze Plaintiff's funds in his bank account, and restricted access to his safe deposit box.

24. Plaintiff and his wife had important items in their safe deposit box, including papers containing proof of identification, birth certificates, personal heirlooms, and jewelry.

25. The freezing of Plaintiff's bank accounts and safe deposit box caused Plaintiff financial harm, and also considerable personal upset, including but not limited to, loss of sleep and loss of weight.

26. By letter dated December 13, 2016, Plaintiff disputed the Debt and notified defendants that their declarations of service were false, as Plaintiff had been living in Union City, CA at the time of the alleged service in Sherman Oaks.

27. Plaintiff received no reply to his December 13, 2016 letter from any of the defendants. He was forced to hire counsel.

28. On February 16, 2017, with Plaintiff represented by counsel, the parties to the Lawsuit agreed upon a stipulation to set aside the default judgment on the Debt, which the Superior Court then entered.

29. Defendants' lawsuit against Plaintiff remains active in the California Superior Court.

## CAUSES OF ACTION

First Cause of Action

Against all defendants

<u>Violations of the Fair Debt Collection Practices Act</u>

30. Plaintiff incorporates by reference herein all of the preceding paragraphs above.

31. Plaintiff is a "consumer," as defined at 15 U.S.C. § 1692a(3), who allegedly owed a "debt," as defined at 15 U.S.C. § 1692a(5).

32. Defendants are each a "debt collector," as defined at 15 U.S.C. § 1692a(6).

33. Defendants violated the FDCPA in the following ways:
   a. Violation of § 1692d by any conduct the natural consequence of which is to harass, oppress or abuse any person.
   b. Violation of § 1692e by using a false, deceptive or misleading representation or means in connection with the collection of a debt.
   c. Violation of § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

34. Plaintiff is entitled to an award of actual damages under 15 U.S.C. § 1692k.

///

///

35. Plaintiff is entitled to an award of statutory damages under 15 U.S.C. § 1692k. Defendants have persistently failed to comply with the FDCPA, justifying the maximum award of statutory damages of $1,000 per defendant.

36. Plaintiff is entitled to an award of attorneys fees and costs, pursuant to 15 U.S.C. § 1692k.

**Second Cause of Action**

Against all defendants except Mr. Quall

<u>Violations of the California Rosenthal Fair Debt Collection Practices Act</u>

37. Plaintiff incorporates by reference herein all of the preceding paragraphs above.

38. Plaintiff incorporates by reference the above violations of the FDCPA, which are also violations of California Rosenthal Fair Debt Collection Practices Act ["CRFDCPA"], by operation of Civil Code § 1788.17.

39. Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing.

40. Each defendant sued on this cause of action was a "debt collector," within the meaning of Cal. Civil Code, § 1788.2( c), in that each of them regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt."

41. The purported debt defendants attempted to collect from Plaintiff is a "consumer debt" within the meaning of Cal. Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money or property which was alleged to be due and owing, by reason of a consumer credit transaction entered into with Plaintiff by a previous entity that assigned the debt, after default.

///

///

1  42. Defendants violated Civil Code § 1788.15(a) by collecting or attempting to collect a consumer debt by means of judicial proceedings when defendants knew that service of process had not been legally effected upon Bidwal.

43. Defendants violated Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692d, 1692e and 1692f, by creating and/or filing a false affidavit of service with the California Superior Court in the County of Los Angeles, in Case Number 10E14426.

44. As a proximate result of defendants' violations of the Rosenthal Act, Plaintiff has been damaged in amounts which are subject to proof.

45. Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

46. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

47. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30( c).

## Demand for Judgment

WHEREFORE, Plaintiff prays for judgment as follows:

1. Pursuant to 15 U.S.C. § 1692k(a), an award of actual and statutory damages, costs and reasonable attorneys' fees;

2. Pursuant to Cal. Civil Code §§ 1788.17 and 1788.32, an award of actual and statutory damages, costs and reasonable attorneys' fees;

3. And for such other and further relief as the court deems proper.

///

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury in this action.

Dated: August 21, 2017

                              TRUEBLOOD LAW FIRM

                              CONSUMER LAW OFFICE OF
                              ROBERT STEMPLER, APC

                              /s/ Robert Stempler
                              By: Robert Stempler,
                              Counsel for Plaintiff

Exhibit A