1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  JENNIFER L. YAZDI (SBN 301868)
   jyazdi@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6  Attorneys for Defendants
   Unifund CCR Partners;
7  Unifund Portfolio A, LLC;
   Matthew W. Quall;
8  Lang, Richert & Patch,
   A Professional Corporation

9

10          UNITED STATE DISTRICT COURT OF CALIFORNIA

11              NORTHERN DISTRICT OF CALIFORNIA

12

13 JAGDEEP S BIDWAL,                 ) Case No. 3:17-cv-02699-LB
                                     )
14          Plaintiff,               )
                                     )
15     vs.                           ) **AMENDED ANSWER TO FIRST**
                                     ) **AMENDED COMPLAINT BY**
16 UNIFUND CCR PARTNERS;             ) **DEFENDANTS UNIFUND CCR**
   UNIFUND PORTFOLIO A, LLC;         ) **PARTNERS, UNIFUND PORTFOLIO**
17 MATTHEW W. QUALL; LANG,           ) **A, LLC, MATTHEW W. QUALL,**
   RICHERT & PATCH, A                ) **AND LANG, RICHERT & PATCH, A**
18 PROFESSIONAL CORPORATION;         ) **PROFESSIONAL CORPORATION**
   ELECTRONIC DOCUMENT               )
19 PROCESSING ING.; J. ASCORRA;      )
   J. WILLIAMS,                      )
20                                   )
            Defendants.              )
21                                   )
   _____)
22

23

24

25

26

27

28

1    Defendants UNIFUND CCR PARTNERS ("Unifund CCR") and UNIFUND
2  PORTFOLIO A, LLC ("Unifund Portfolio"), MATTHEW W. QUALL ("Quall"), and
3  LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION ("LRP")
4  (collectively "Defendants") hereby submit the following First Amended Answer to
5  the First Amended Complaint ("FAC") in this action by plaintiff JAGDEEP S
6  BIDWALL ("Plaintiff"):

7    1.    In answering Paragraph 1 of the FAC, Defendants aver that Plaintiff
8  claims this court has both personal and subject matter jurisdiction.  To the extent not
9  herein admitted, the remaining allegations of Paragraph 1 are denied.

10    2.    In answering Paragraph 2 of the FAC, Defendants lack sufficient
11 knowledge or information regarding whether the challenged conduct occurred while
12 Plaintiff resided in Alameda County.  To the extent not herein admitted, the
13 remaining allegations of Paragraph 2 are denied.

14    3.    In answering Paragraph 3 of the FAC, Defendants lack sufficient
15 knowledge or information regarding whether Plaintiff resides within this district.  To
16 the extent not herein admitted, the remaining allegations of Paragraph 3 are denied.

17    4.    In answering Paragraph 4 of the FAC, Defendant Unifund CCR admits it
18 has at times engaged in attempts to collect unpaid financial obligations.  Defendant
19 lack sufficient knowledge or information to from a belief as to whether the unpaid
20 financial obligation at issue in this action was incurred primarily for personal, family,
21 or household use, and on that basis, Defendant denies that the obligation constitutes a
22 "debt" as defined by 15 U.S.C. 1692a(5) or a "consumer debt" as defined by Cal. Civ.
23 Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of
24 Paragraph 4 are denied.

25    5.    In answering Paragraph 5 of the FAC, Defendant Unifund Portfolio
26 admits it is an Ohio Limited Liability Company.  To the extent not herein admitted,
27 the remaining allegations of Paragraph 5 are denied.

28

6.     In answering Paragraph 6 of the FAC, Defendant LRP admits that it is a professional corporation which has at times has attempted to collect unpaid financial obligations.  Defendant lacks sufficient knowledge or information regarding whether the unpaid financial obligation at issue in this action was incurred primarily for personal, family, or household use, and on that basis, Defendant denies that the obligation constitutes a "debt" as defined by 15 U.S.C. 1692a(5) or a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of Paragraph 6 are denied.

7.     In answering Paragraph 7 of the FAC, Defendant Quall admits he has at times collected or attempted to collect outstanding financial obligations.  Defendant lacks sufficient knowledge or information to from a belief as to whether the unpaid financial obligation at issue in this action was incurred primarily for personal, family, or household use, and on that basis, Defendant denies that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of Paragraph 7 are denied.

8.     In answering Paragraph 8 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

9.     In answering Paragraph 9 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

10.     In answering Paragraph 10 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the allegations, and on that basis, deny them.

11.     In answering Paragraph 11 of the FAC, Defendants aver that Plaintiff alleges that the true names and capacities of the defendants sued herein as DOES 1-

10 are unknown to Plaintiff.  Defendants deny any liability.  To the extent not herein admitted, the remaining allegations of Paragraph 11 are denied.

12.   Denied.

13.   In answering Paragraph 13 of the FAC, Defendants admit that Plaintiff defaulted on payments to his Citibank credit card account.  Defendants lack sufficient knowledge or information to form a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use and, and on that basis, Defendants deny that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(c).   To the extent not herein admitted, the remaining allegations of Paragraph 13 are denied.

14.   In answering Paragraph 14 of the FAC, Defendants admit that Defendant Unifund Portfolio acquired the Account after Plaintiff defaulted.  To the extent not herein admitted, the remaining allegations of Paragraph 14 are denied.

15.   In answering Paragraph 15 of the FAC, Defendants admit the Account was assigned to Unifund CCR for servicing.  To the extent not herein admitted, the remaining allegations of Paragraph 15 are denied.

16.   In answering Paragraph 16 of the FAC, Defendants admit the  Account was referred to Defendant Lang Richert & Patch for collection.  To the extent not herein admitted, the remaining allegations of Paragraph 16 are denied.

17.   In answering Paragraph 18 of the FAC, Defendants admit that the contents of the pleadings filed in the state court lawsuit referenced in that Paragraph are self-explanatory.  To the extent not herein admitted, the remaining allegations of Paragraph 17 are denied.

18.   In answering Paragraph 18 of the FAC, Defendants aver that the contents of the process server report are self-explanatory. To the extent not herein admitted, the remaining allegations of Paragraph 18 are denied.

19.     In answering Paragraph 19 of the FAC, Defendants aver that the contents of the declaration referenced in this Paragraph are self-explanatory.  To the extent not herein admitted, the remaining allegations of Paragraph 19 are denied.

20.     In answering Paragraph 20 of the FAC, Defendants aver that the contents of the declaration referenced in this Paragraph are self-explanatory.  To the extent not herein admitted, the remaining allegations of Paragraph 20 are denied.

21.     Denied.

22.     In answering Paragraph 22 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to when Plaintiff discovered the suit was filed against him.  To the extent not herein admitted, the remaining allegations of Paragraph 22 are denied.

23.     Denied.

24.     In answering Paragraph 24 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff and his wife contained important items in a safe deposit box.  To the extent not herein admitted, the remaining allegations of Paragraph 24.

25.     Denied.

26.     In answering Paragraph 26 of the FAC, Defendants aver that the contents of the letter referenced in this Paragraph are self-explanatory.  To the extent not herein admitted, the remaining allegations of Paragraph 26 are denied.

27.     Denied.

28.     Admitted.

29.     Admitted.

30.     Defendants incorporate by reference Paragraphs 1 through 29.

31.     In answering Paragraph 31 of the FAC, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny the obligation constitutes a "debt" as defined by the Fair Debt

Collection Practices Act ("FDCPA") 15 U.S.C 1692a(5) or a "consumer debt" as defined by the Rosenthal Act, Cal. Civ. Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of Paragraph 31 are denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Defendants incorporate by reference Paragraphs 1 through 36.

38.    Denied.

39.    In answering Paragraph 39 of the FAC, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny that the obligation constitutes a "debt" as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C 1692a(5) or a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of Paragraph 39 are denied.

40.    Denied.

41.    In answering Paragraph 41 of the FAC, Defendants lack sufficient knowledge or information to from a belief as to whether the unpaid financial obligation was incurred primarily for personal, family, or household use, and on that basis, Defendants deny that the obligation constitutes a "consumer debt" as defined by the Rosenthal Act Cal. Civ. Code § 1788.2(f).  To the extent not herein admitted, the remaining allegations of Paragraph 41 are denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.   Denied.

47.   Denied.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the FAC, Defendants allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**
### **(Bona Fide Error)**

To the extent that the Court determines that any of Defendants' alleged acts or omissions violated the FDCPA with respect to Plaintiff, which Defendants expressly deny, any such violation occurred notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid violations of the FDCPA.

Based upon Defendants' present understanding of the allegations made in the First Amended Complaint, these procedures include, but are not limited to, the following: reviewing and analyzing information regarding the address for account obligors received from the original creditor and other sources, such as consumer reporting agencies, skip tracing vendors, post offices and other online databases; updating address information when received; attempting to contact account obligors by letter and phone in order to determine correct address information; working with licensed process servers to accomplish service; reviewing and analyzing statutes and case law bearing on service requirements; collaborating with clients, attorneys and other professionals regarding best practices for complying with service requirements; attending continued legal education programs on procedural and collection-related topics; interacting with courts on matters of procedure and state law; and interacting with and relying on the advice of outside counsel with respect to service requirements.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the FAC are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.  The FDCPA claims concern the state court lawsuit filed against Plaintiff in Los Angeles Superior Court in 2010, styled as *Unifund CCR Partners v. Bidwal*, Case No. 10E14426. Plaintiff alleges defendants improperly obtained a default judgment against him in October of 2011.  Although Plaintiff was served by a licensed process server, and despite the fact that the state court entered judgment against him, Plaintiff claims the service was not proper, because he allegedly did not reside at the address where service was accomplished.  Plaintiff does not deny, however, that he resided at the subject address at one time.  Nor does Plaintiff dispute that, on the date substituted service was accomplished, he was still receiving mail at the subject address, or that prior to the date substituted service was accomplished, the postmaster advised Defendants that Plaintiff was still receiving mail at the subject address.  Given this, Defendants do not concede that service was improper.  In addition, on information and belief, Defendants aver that discovery is reasonably likely to confirm that Plaintiff knew or should have known in 2010 and 2011 that he was still receiving mail at the subject address, and that Defendants were seeking to serve him at the subject address.  If, as Plaintiff now claims, this was the wrong address, and thus suit was filed in the wrong venue, then Defendants aver that Plaintiff knew or should have known of the alleged violation in 2010 or 2011.  The statute of limitations on any FDCPA claim began to run when the alleged violation occurred, or at the latest when Plaintiff knew or should have known about the alleged violation, which was at the latest, shortly after the alleged violation occurred.  Plaintiff did not file his complaint until 2017, and thus his claims are barred by the statute of limitations and/or the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendants.  Plaintiff's alleged damages arise out of the state court lawsuit filed against him in Los Angeles Superior Court in 2010, styled as *Unifund CCR Partners v. Bidwal*, Case No. 10E14426.  According to Plaintiff, defendants improperly obtained a default judgment against him in October of 2011.  Plaintiff was served by a licensed process server, and the state court entered judgment against him.  He claims, however, that the service was not proper, because he allegedly did not reside at the service address.  Plaintiff does not deny that he resided at the subject address at one time.  Nor does he dispute that, on the date substituted service was accomplished, he was still receiving mail at the subject address.  Plaintiff does not dispute that prior to the date substituted service was accomplished, the postmaster advised Defendants that Plaintiff was still receiving mail at the subject address.  In addition, on information and belief, Defendants aver that discovery is reasonably likely to confirm that Plaintiff knew or should have known in 2010 and 2011 that he was still receiving mail at the subject address, and knew or should have known that Defendants were seeking to serve him at the subject address.  Defendants further aver on information and belief that discovery is likely to show that Plaintiff failed to update the United States Postal Service regarding any change in address and, despite a legal obligation to do so, Plaintiff failed to take steps to alert his creditor to any change in his address.  Defendant further avers on information and belief that Plaintiff could have mitigated or avoided entirely any alleged damages if Plaintiff had alerted the United States Postal Service and/or his creditor regarding his correct address.

## FOURTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendants' alleged conduct involves their right to petition and is thus protected under the First Amendment of the United States Constitution.  Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

A "cardinal principle" of statutory construction is that "where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568, 575 (1988) (citing *N.L.R.B. v. Catholic Bishop of Chicago*, 440 U.S. 490, 499-501, 504 (1979)).  This rule – which is often described as the "canon of constitutional avoidance" – is a "a tool for choosing between competing plausible interpretations of a statutory text, resting on the reasonable presumption that Congress did not intend the alternative which raises serious constitutional doubts." *Clark v. Martinez*, 543 U.S. 371, 381 (2005).

A related rule of statutory construction is the *Noerr-Pennington* doctrine, which requires courts to construe federal statutes in a manner that avoids burdening the protections afforded by the First Amendment's right to petition.  *See Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 1227 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965).  The doctrine "derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances'" and provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *See Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (internal citations omitted).

1   Although it was originally applied exclusively within the antitrust context, the

2   *Noerr-Pennington* doctrine has been expanded to apply with equal force to any

3   federal statute.   *See Sosa*, 437 F.3d at 931 (" . . .the *Noerr-Pennington* doctrine

4   stands for a generic rule of statutory construction, applicable to any statutory

5   interpretation that could implicate the rights protected by the Petition Clause.")

6   (internal citation omitted).  As the Ninth Circuit has observed: "Under the

7   Noerr-Pennington rule of statutory construction, we must construe federal statutes so

8   as to avoid burdening conduct that implicates the protections afforded by the Petition

9   Clause unless the statute clearly provides otherwise.  We will not "lightly impute to

10  Congress an intent to invade . . . freedoms" protected by the Petition Clause." *Id.*

11  (citations and footnote omitted).

12

13                    **FIFTH AFFIRMATIVE DEFENSE**

14                              **(Setoff)**

15      To the extent that Plaintiff is entitled to recover any amount from Defendant

16  Unifund CCR Partners, which is denied, Unifund CCR Partners is entitled to a setoff

17  in the amount of Plaintiff's unpaid obligation, plus any attorney's fees and costs

18  reasonably incurred in connection with the collection of that obligation.

19

20      WHEREFORE, Defendants request judgment as follows:

21      1.      That Plaintiff take nothing by the FAC, which should be dismissed  with

22  prejudice.

23      2.      That Defendants recovers from Plaintiff costs according to proof.

24      3.      That Defendants recovers attorneys' fees according to proof.

25      4.      That the Court orders such other further reasonable relief as the Court

26  may deem just and proper.

27

28

1    DATED: October 2, 2017              SIMMONDS & NARITA LLP
                                         TOMIO B. NARITA
2                                        JENNIFER L. YAZDI

3

4                                        By:    /s/ Jennifer L. Yazdi
                                               Jennifer L. Yazdi
5                                              Attorneys for Defendants
                                               Unifund CCR Partners;
6                                              Unifund Portfolio A, LLC;
                                               Matthew W. Quall;
7                                              Lang, Richert & Patch,
                                               A Professional Corporation
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28