UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Jagdeep S Bidwal,
        Plaintiff,

vs.

Unifund CCR Partners; et al.;

Case No. 3:17-cv-02699-LB

**POST-MEDIATION CASE MANAGEMENT STATEMENT**

Conference Date: 7/05/18 at 11:00 am

**1.  Mediation**

The June 14, 2018 mediation was unsuccessful in resolving the case. Defendant Julio Ascorra did not attend the mediation, as ordered by the Court, and plaintiff intends to seek sanctions against him for that conduct.

**2.  Anticipated Motion to Stay This Case Due to Events At Mediation**

Plaintiff's Statement.

At the mediation, defendant Unifund served plaintiff (for the first time) with a $3,000 collections complaint in the case of Unifund CCR Partners v. Bidwal, Los Angeles Superior Court Case No. 10E14426. Putting aside the detrimental effect this bullying tactic had on the mediation, this unexpected development will impact this federal case substantially, as the state court will soon be deciding what is also the main

issue in this case: whether Unifund properly served a complaint on Jagdeep Bidwal over five years ago in Southern California.

Plaintiff is now in the process of transferring venue of the collections case to Alameda County, where plaintiff currently resides. Upon completion of the transfer, plaintiff will immediately move to dismiss the collections complaint for failure to serve the summons within three years, under Code of Civil Procedure § 583.210(a). Despite agreeing that Bidwal lived in Northern California at the time of service, and despite having set aside its own judgment in response to Bidwal's motion to quash, and despite having just served plaintiff a few weeks ago at the mediation (an admission that its original service was faulty), Unifund apparently still intends to argue that the original service back in 2011 was proper. The state court will now have to rule on this disputed factual issue, which is precisely the main issue in this FDCPA case.

Plaintiff intends to move relatively quickly for dismissal of the state court action under Code of Civil Procedure § 583.210(a), after the case is transferred to Alameda County. The state court is therefore going to reach this central issue, long before the federal court does. When plaintiff filed this federal case, the collections matter was in abeyance, since no service on Bidwal had been achieved, and Unifund was not even trying to serve him. Now, there will be a significant duplication of effort and resources if both cases continue on parallel tracks, litigating the same issue. Plaintiff therefore seeks a stay of this federal action until such time as the state court rules on whether

Unifund's original service was valid or not. The stay, if granted, will probably last at least a few months, to allow time for the venue transfer, the motion to dismiss briefing, and a ruling. That ruling, no matter who wins, will create a significant incentive for the losing side to consider settling this federal case, without further expense.

<u>Unifund Defendants' Statement</u>.

Defendants Unifund CCR Partners, Unifund Portfolio A, LLC, Matthew W. Quall, Lang, Richert & Patch, A Professional Corporation (collectively, the "Unifund Defendants") object to the Plaintiff Jagdeep Bidwal's ("Bidwal's") wholly inaccurate and inflammatory characterization of the events that allegedly occurred at the recent mediation, and further object to Bidwal's apparent attempt to seek a stay of this action using his portion of a status conference statement, rather than through a noticed motion. The Unifund Defendants will oppose any motion to for stay that is filed by Bidwal if the basis for the motion is as described herein.

Bidwal incorrectly states he was served with the state court complaint "for the first time" at the recent mediation. To the contrary, that was the second time that Bidwal was served. He was also properly served with the state court complaint, via substituted service at the address where he regularly received mail, in 2011. The state court agreed that service was proper, and because he was served, and no response was filed on his behalf, a judgment was thereafter entered against him by the state court. The Unifund Defendants subsequently agreed, without conceding that the service was improper, to

voluntarily set aside that judgment.

Since the date that the Unifund Defendants voluntarily set aside the state court judgment, Bidwal's current counsel in the state court action, who also represent him in this action, have refused to accept service of the state court complaint for Bidwal, and have also refused offers by the Unifund Defendants to stipulate to the transfer of that action to the county where Bidwal claims he resides.  Given their steadfast refusal to accept service of the complaint so the state court matter can proceed on the merits, the Unifund Defendants had not option other than to effect personal service of the state court complaint on Bidwal.  The Unifund Defendants deny that reserving Bidwal at the mediation is an admission that the original service was faulty.

Bidwal is also wrong when he argues that the state court "will soon be deciding what is also the main issue in this case:  whether Unifund properly served a complaint on Jagdeep Bidwal over five years ago in Southern California."  First, Bidwal has not even filed a response to the complaint in state court.  Second, he has not filed any motion in that action.  Finally, he has not explained to this Court how any motion for dismissal of the state court action that he might ultimately file under Code of Civil Procedure § 583.210(a) would necessarily determine any issue that bears on this case.

The real reason that Bidwal and his counsel wish to stay this action is that they do not want to respond to the discovery that was recently served by the Unifund Defendants.  The Court may recall that, in an attempt to keep costs to a minimum so that

the parties could attempt to settle this matter on a reasonable basis, the Unifund Defendants requested at the initial status conference that discovery be limited, and the Court agreed.  Now that the mediation failed, however, the Unifund Defendants have served discovery on Bidwal and on members of his family who were identified by him as witnesses to support his alleged emotional distress.  Although counsel for Bidwal has said they will represent these family members at their depositions, counsel has also refused to accept service of subpoenas for their own clients. Their refusal to accept service for their own clients appears to be their standard delay tactic.

  The Unifund Defendants ask that this Court direct counsel for Bidwal, consistent with the Guidelines for Professional Conduct of this Court, to agree to accept service of the subpoenas directed at their clients, and to work with counsel for the Unifund Defendants to promptly schedule the depositions.  If necessary, however, the Unifund Defendants will bring the matter to the Court's attention through a formal motion.

           TRUEBLOOD LAW FIRM

           CONSUMER LAW OFFICE OF
           ROBERT STEMPLER, APC

Dated: June 28, 2018       By: /s/ Alexander B. Trueblood_
           ROBERT STEMPLER
           ALEXANDER B. TRUEBLOOD
           Attorneys for Plaintiff

| | |
|---|---|
| | SIMMONDS & NARITA LLP |
| Dated: June 28, 2018 | By:  /s/ Jennifer L. Yazdi<br>JENNIFER L. YAZDI<br>TOMIO B. NARITA<br>Attorneys for Defendants Unifund CCR Partners; Unifund Portfolio A, LLC; Matthew W. Quall; Lang, Richert & Patch, A Professional Corporation |