1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Blvd, Suite 1600
   Los Angeles, California 90024
3  Telephone (310) 943-0298
   Facsimile: (310) 943-2255
4
   Robert Stempler, Bar No. 160299
5  Email: SoCalConsumerLawyer@Gmail.com
   CONSUMER LAW OFFICE OF
6  ROBERT STEMPLER, APC
   8200 Wilshire Blvd, Suite 200
7  Beverly Hills, CA 90211-2331
   Telephone (323) 486-0102
8  Fax: (323) 488-6895

9  BRANDON A. BLOCK (Bar No. 215888)
   LAW OFFICES OF BRANDON A. BLOCK
10 433 North Camden Drive, Suite 600
   Beverly Hills, CA 90210
11 Telephone (310) 887-1440
   Facsimile: (310) 496-1420
12
13 Attorneys for Plaintiff

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  Jagdeep S Bidwal, | Case No. 3:17-cv-02699-LB |
| 19        Plaintiff, | DECLARATION OF ROBERT STEMPLER IN SUPPORT OF |
| 20     vs. | PLAINTIFF JAGDEEP S. BIDWAL'S MOTION FOR AN AWARD OF |
| 21  Unifund CCR Partners; et al.; | ATTORNEYS FEES AND COSTS |
| 22        Defendants. | |

23

24

25

26

27 ///

28 ///

- 1 -

## DECLARATION OF ROBERT STEMPLER

I, Robert Stempler, declare as follows:

1. Since December of 1992, I have been admitted and licensed to practice law before all courts of the State of California. Currently, I am the principal of Consumer Law Office of Robert Stempler, APC, a firm that focuses almost exclusively on the litigation of consumer, tenant and employee rights.

## BACKGROUND AND EXPERIENCE

2. I attended and graduated in 1992 from the University of the Pacific, McGeorge School of Law (now being referred to as "Pacific McGeorge"). While at McGeorge, my second year I was a comment writer and my third year I was the Managing Editor of The Transnational Lawyer, one of the two law reviews at McGeorge at the time. During my third year, I also co-write and co-edited A Lawyers Guide to Planning for Long-Term Care in California, published by the Legal Center for the Elderly and Disabled, Inc., with a grant from Area 4 Agency on Aging. I also received a McCarthy Scholarship for "exceptional academic ability."

3. Prior to attending law school, I was an accountant and auditor at a CPA firm, having been licensed in California as a Certified Public Accountant.

4. Immediately following law school, I worked at a law firm which specialized in individual employee rights litigation, then I worked at another law firm with a broader law practice involving business, personal injury and probate litigation.

5. Since 1997, I have been an active member of the National Association of Consumer Advocates (NACA) and attended numerous conferences of NACA and the National Consumer Law Center and made presentations to attendees. I was the Chairperson of NACA's Membership Committee from 2008 to 2014, roughly. Also, I have written several published articles and presented MCLE to various groups.

6. From 2001 to 2004, I was a member of the Editorial Board of the State Bar's "Business Law News" (the "BLN"), a publication of the Business Law Section.

1  During that time, I served as the BLN's co-Vice Chair for fiscal year 2002 to 2003
2  and was the Editor in Chief and co-chair for fiscal year 2003 to 2004.

3    7.    In 1997, I started my law firm, which is now incorporated as Consumer
4  Law Office of Robert Stempler, APC. I have litigated consumer rights against some
5  of the largest financial institutions, debt collectors, car manufacturers, and car
6  dealerships in the country, including, but not limited to, American Express, Bank of
7  America, Citibank, Discover Bank, Capital One Bank, HSBC, JP Morgan Chase,
8  Wells Fargo Bank, Midland Credit Management and Midland Funding (subsidiaries
9  of Encore Capital), CACH, Portfolio Recovery Associates, Transworld Systems,
10 Nelnet, Ford Motor Company, General Motors, Honda, Toyota, Volkswagen,
11 Equifax, Experian, Trans Union and First Advantage Saferent.

12   8.    I have represented consumers before the U.S. District Court in at least
13 60 cases involving harassment under the Fair Debt Collection Practices Act. For
14 several years, my practice was limited almost exclusively to representing consumers
15 in U.S. District Court regarding debt collection harassment, identity theft and credit
16 reporting violations. My law practice is broader now, but limited to representing
17 consumers, tenants, and employees in State Superior and U.S. District Courts.

18   9.    Prior to 2006, U.S. District Judges (including District Judges Virginia
19 A. Phillips, Percy Anderson, and Robert J. Timlin) consistently awarded my
20 time at $240 per hour in debt collection harassment cases.

21   10.   On September 5, 2007, U.S. District Judge Audrey B. Collins awarded
22 my fees for representing the plaintiff in a collection harassment case, applying a
23 lodestar of $300 per hour, as a reasonable rate. *Harlow v. Midland Credit*
24 *Management, Inc.*, No. CV 07-5045-ABC (SHx), available on Westlaw at 2007 WL
25 3165669.

26   11.   On April 29, 2008, U.S. District Judge Otis D. Wright, II awarded my
27 fees for representing the plaintiff under the Fair Debt Collection Practices Act,
28

- 3 -

1  applying a lodestar of $350 per hour, as a reasonable rate. *Miller v. Midland Funding, LLC*, No. CV-07-04869-ODW (AGRx). (Dkt. No. 40.)

12. On May 15, 2008, U.S. District Judge John F. Walter awarded my fees for representing the plaintiff under the Fair Debt Collection Practices Act, applying a lodestar of $350 per hour, as a reasonable rate. *Ambriz v. Arrow Fin. Services, LLC*, No. CV-07-5423-JFW (SSx). (Dkt. No. 30.)

13. In State Superior Court, I have represented consumers in several hundred debt collection cases, as well as dozens of cases involving car dealer misrepresentation, deceptive vehicle financing and violation of warranty laws.

14. In U.S. District Court, I have represented consumers in several class actions under the Fair Debt Collection Practices Act, and had my fees approved by the District Court, as co-counsel for the class.

## REQUESTED ATTORNEY'S FEES AND COSTS IN THIS CASE

15. In taking on this litigation for Mr. Bidwal, I agreed to be compensated for my time and reimbursed for my out of pocket costs and expenses only on the contingency that Plaintiff be compensated by the other side. My work in this case required me on numerous occasions to immerse myself in preparing for law and motion, discovery, disclosure, hearings, conferences, settlement and trial. I have declined (i.e., turned down) several other potential cases, as I was unable to take on new matters and perform all tasks that I would have wanted to perform on other cases.

16. Attached as Exhibit 1 is a true and correct copy of an itemization of legal services that I rendered in this matter, and many of the costs and expenses that my firm has incurred for this case. This itemization was produced from billing records which are regularly prepared in the course of my firm's business activity. I have reviewed this exhibit and the records from which it was produced and am informed and believe that it is accurate and that it reflects several reductions in the exercise of my billing judgment. Of course, it excludes any future work that may be

necessary, such as to review any opposition, prepare a reply brief, and attend any hearing on this motion.

17. At the rate of $600 per hour, using the time that I spent in this case thus far, my lodestar is computed as follows: 136.50 hours x $600 = $81,900. My firm's costs and expenses that are being sought in this case total $1,534.99 for the items stated in attached Exhibit 1.

18. The procedural facts re discovery stated in the Procedural and Settlement History section of Plaintiff's memorandum of points and authorities in support of this motion are accurate, based on my review of my records from the case.

I declare under penalty of perjury, as provided by the laws of the United States, at 28 U.S.C. § 1746, that the foregoing is true and correct and that this declaration was executed January 28, 2019.

Robert Stempler