ALEXANDER B. TRUEBLOOD (Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

ROBERT STEMPLER (Bar No. 160299)
CONSUMER LAW OFFICE OF
ROBERT STEMPLER, APC
8200 Wilshire Blvd, Suite 200
Beverly Hills, CA 90211-2331
Telephone (323) 486-0102
Facsimile: (323) 488-6895
Email: SoCalConsumerLawyer@Gmail.com

BRANDON A. BLOCK (Bar No. 215888)
LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210
Telephone (310) 887-1440
Facsimile: (310) 496-1420
Email: brandon@bblocklaw.com

Attorneys for Plaintiff
JAGDEEP S. BIDWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDEEP S. BIDWAL,<br><br>Plaintiff,<br><br>vs.<br><br>UNIFUND CCR PARTNERS, *et al.*,<br><br>Defendants. | Case No. 17-CV-02699-LB<br><br>**DECLARATION OF BRANDON A. BLOCK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

I, Brandon A. Block, declare as follows:

1. I am the founder and principal of Law Offices of Brandon A. Block, APC. My firm is co-counsel for plaintiff Jagdeep Bidwal in this action. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently as to the facts set forth herein. All of the

1
DECLARATION OF BRANDON A. BLOCK – CASE NO. 17-CV-02699-LB

exhibits identified herein have been maintained by Law Offices of Brandon A. Block, APC in the ordinary course of its business.

## Background and Experience

1. I graduated from the University of Colorado in 1994, with a B.A. in History and a minor in English. I obtained my J.D. from the University of Florida in 1999. During law school, I was chosen as the Law Clerk for the 8th Judicial Circuit Law Clerk Program and received a "Book Award" for finishing first in my class in Family Law. I also served as Executive Articles Editor for *The Florida Journal of International Law*. I was admitted to the Florida Bar in 1999, and the California Bar in 2001. I have been practicing law continually in California since 2001.

2. Prior to forming my own firm, I worked in the Litigation Departments of Stroock & Stroock & Lavan LLP (Summer Associate, 1998; 1999–2003), and Buchalter Nemer (2003–2007). Both firms are considered leaders in defending financial institutions and lenders in complex consumer protection matters. While at Stroock and Buchalter, I was actively involved in defending banks, lenders and finance companies in dozens of individual, class and private attorney general actions brought under various state consumer protection laws, including California Business & Professions § 17200, the Rees-Levering Automobile Finance Act, the Rosenthal Fair Debt Collection Practices Act and the Vehicle Leasing Act, and numerous federal consumer protection laws, including the Truth-in-Lending Act, the Fair Debt Collection Practices Act, the Real Estate Settlement Practices Act and the Equal Credit Opportunity Act.

3. I started my own law firm in 2007, specializing in consumer protection litigation. My firm has served and continues to serve as plaintiffs' counsel in many individual and class actions and proceedings in courts and arbitration tribunals throughout California asserting violations of consumer protection laws, including state and federal fair debt collection laws. Some of the key cases in which my firm has served as counsel are:

- Miranda v. Simple Case Loans, Inc. (Los Angeles County Superior Court (Complex Division) Case No. BC580634, the Honorable Ann I. Jones), a FLL and Commercial Code post-repossession notice class action. The settlement in Miranda involved a waiver of 100% of the alleged deficiency balances (approximately $800,000), restitution of 85% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Rymer v. PRA Receivables Management, LLC (Los Angeles County Superior Court (Complex Division) Case No. BC571945, the Honorable Lisa Hart Cole), a FLL post-repossession notice class action. The settlement in Rymer involves a waiver of 100% of the alleged deficiency balances (approximately $800,000), and an agreement by the defendant to never seek collection on the deficiency balances or report any of the affected accounts to credit reporting agencies.

- Rodriguez v. Pan American Bank (Los Angeles County Superior Court (Complex Division) Case No. BC512614, the Honorable Elihu M. Berle), a Rees-Levering Act and Commercial Code post-repossession notice class action. The settlement in Rodriguez involved a waiver of 100% of the alleged deficiency balances (approximately $900,000), restitution of 100% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Platter v. Trading Financial Credit, LLC (Los Angeles County Superior Court (Complex Division) Case No. BC519671, the Honorable Elihu M. Berle), a FLL and Commercial Code post-repossession notice class action. The settlement in Platter involved a waiver of 100% of the alleged deficiency balances (approximately $1 Million), restitution of 100% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- <u>Vitrano v. Santander Consumer USA, Inc.</u> (United States District Court for the Central District of California Case No. 2:13-cv-02492-AB-MRW, the Honorable André Birotte Jr.), a Rees-Levering Act post-repossession notice class action. The settlement in that case involved a waiver of 100% of the alleged deficiency balances (approximately $200 Million), restitution of 60% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- <u>Parham v. DT Credit Corporation</u> (Los Angeles Superior Court Case No. BC419499, the Honorable Mel "Red" Recana), a Rees-Levering Act post-repossession notice class action. The settlement in <u>Parham</u> involved a waiver of 100% of the alleged deficiency balances (approximately $90 Million), restitution of hundreds of thousands of dollars to class members who paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- <u>Harding, et al. v. A-L Financial Corporation</u> (Los Angeles Superior Court (Complex Division) Case No. BC429557, the Honorable Jane L. Johnson), a Rees-Levering Act class action addressing the defendant's failure to comply with the Act's provisions regarding deferred installment payments. After plaintiffs prevailed on class certification and obtained summary judgment, the case settled for a payment by the defendant to the class of over $250,000 in restitution.

- <u>Godfrey v. Hyundai Motor Finance Company</u> (Los Angeles Superior Court Case No. BC373078, the Honorable Maureen Duffy Lewis), a Rosenthal Fair Debt Collection action on behalf of several persons subjected to severe debt collector harassment, including police impersonation. The case settled for payment of $100,000 to the four named plaintiffs, and stopped an illegal business operation that threatened to harm scores of consumers.

4.   My dedication to consumer law and efforts on behalf of the general public have been recognized by the California legal community. Among other

accolades, I have been named a Rising Star by SuperLawyers in the area of consumer protection law.

5. Additionally, I am actively involved in organizations seeking to promote the interests of consumers through public interest litigation, including the National Association of Consumer Advocates, a non-profit corporation comprised of private and public sector attorneys, legal services attorneys, law professors and students, whose primary practice or interests involve the protection and representation of consumers. The primary goals of NACA are to promote justice for all consumers by maintaining a forum for information sharing among consumer advocates across the country, and to serve as a voice for its members as well as consumers in the endeavor to curb unfair and abusive business practices.

**Counsel's Requested Attorney's Fees and Costs Award**

6. My law firm agreed to represent Mr. Bidwal on a pure contingent fee, and agreed not to be paid unless he prevailed in this case. During the pendency of my firm's active involvement in this case, I was forced to turn down other potential matters which I would have liked to accept, due to my existing and potential commitments in this matter.

7. Attached hereto as Exhibit 1 is a copy of my firm's invoice for this matter, which shows my time spent on this case by date, activity and amount of time. The report is kept in the ordinary course of business and accurately reflects the time spent on this case, less reductions made in the exercise of billing judgment. The report reflects my 2018 hourly billing rate of $550. With the reasonable addition of one-half of hour of my time to attend to any issues related to this motion, I have spent 7.8 hours on this case, equating to a total lodestar of $4,290.00 in fees.

8. I am familiar with the hourly rates charged by lawyers and law firms in the Los Angeles and San Francisco areas for non-contingent civil litigation of comparable complexity. I gained such familiarity by, among other things, personally inquiring of billing rates for other attorneys who are my contemporaries. I know that

my contemporaries at my former law firms, Buchalter and Stroock, bill at rates in excess of my requested rate for non-contingent fee matters.

9. My hourly rates have been approved by the courts over the years:

- In <u>Miranda v. Simple Cash Loans, Inc.</u>, Judge Jones of the L.A. Superior Court Complex Division approved my 2016 hourly rate of $525 as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Rymer v. PRA Receivables Management, LLC</u>, Judge Cole of the L.A. Superior Court Complex Division approved my 2016 hourly rate of $525 as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Archer v. Los Angeles Federal Credit Union</u>, Judge Johnson of the L.A. Superior Court Complex Division approved my 2014 and 2015 hourly rates of $490 and $510, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Vitrano v. Santander Consumer USA</u>, United States District Court Judge Birotte approved my 2013 and 2014 hourly rates of $465 and $490, respectively.

- In <u>Rodriguez v. Pan American Bank</u>, Judge Berle of the L.A. Superior Court Complex Division approved my 2013 and 2014 hourly rates of $465 and $490, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Platter v. Trading Financial</u>. Judge Berle approved my 2013 and 2014 hourly rates of $465 and $490, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Travis v. Consumer Portfolio Services, Inc.</u> (Sacramento Superior Court Case No. Case No. 34-2012-00131362, the Honorable David Brown), after a contested fee application in an individual action brought to address defendant's debt collection harassment of plaintiff, Judge Brown approved my 2012 and 2013 hourly rates of $425 and $465, respectively, as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Harding, et al. v. A-L Financial Corporation</u>, Judge Johnson approved my 2012 hourly rate of $425 as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Parham v. DT Credit Corporation</u>, Judge Recana approved my 2009 hourly rate of $375 as "more than reasonable," and Judge Recana approved a total fee award of $375,000 to class counsel, using a 3.7 multiplier.

- In <u>Godfrey v. Hyundai Motor Finance Company</u>, after a contested fee application, Judge Duffy-Lewis found my hourly rate at the time of $375 was reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type. Judge Duffy-Lewis multiplied my base lodestar by 1.5 times, for an effective rate of $562.50 per hour, and approved a total fees and costs award in excess of $200,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 27, 2019 at Beverly Hills, California.

_____
Brandon A. Block