## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into between Unifund CCR Partners, Unifund Portfolio A, LLC, Matthew W. Quall, Lang, Richert & Patch, P.C., Quall Cardot, LLP, Electronic Document Processing, Inc., and J. Ascorra (collectively referred to as "Defendants"), on the one hand, and Jagdeep S. Bidwal ("Bidwal"), on the other.

WHEREAS, Bidwal filed a lawsuit against Defendants in the United States District Court for the Northern District of California, styled as *Jagdeep S. Bidwal v. Unifund CCR Partners, et al.*, Case No. 3:17-cv-02699-LB (the "Federal Action"). Bidwal alleges in the Federal Action that Defendants filed a false proof of service and conducted an unlawful levy of his bank accounts, in the case of *Unifund CCR Partners v. Jagdeep S. Bidwal*, Alameda County Superior Court Case No. RG18917165 (the "State Action"), which was originally brought in Los Angeles County under Case No. 10E14426.  The State Action was brought to attempt to collect on amounts allegedly owed by Bidwal on a credit card account issued by Citibank, N.A., account number ending in 9801 (the "Account").  The Federal Action and the State Action are referred to herein as "the Lawsuits."

WHEREAS, expressly to avoid the expense and risk of further litigation, and without admitting fault or liability except as expressly set forth herein, the Parties have agreed to resolve their differences as to the Account and the Lawsuits, in the manner described below.

NOW, THEREFORE, in consideration of the promises, covenants and agreements contained herein, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.  **Settlement Payment To Bidwal:**  Within ten business days of the execution of this Agreement by Bidwal, and Defendants' receipt of a fully completed Form W-9 from Bidwal, Unifund CCR Partners will pay Bidwal the total sum of $16,000.00 by check made payable to "Jagdeep Bidwal" and forwarded to the Law Offices of Robert Stempler. Within that same ten business day period, Electronic Document Processing, Inc. shall pay Unifund CCR Partners the sum of $5,500.00.

2.  **Dismissal With Prejudice Of State Action:**  Within ten business days of the Defendants' receipt of Bidwal's written execution of this Agreement, Unifund CCR Partners shall file a dismissal with prejudice of the State Action. Bidwal shall not file a motion for an award of attorneys fees nor a memorandum of costs in the State Action.

3.  **Application For Attorneys Fees And Costs.** The Parties agree that Bidwal is the prevailing party in the Federal Action. Bidwal shall file a motion in the Federal Action for an award of his attorneys' fees and costs incurred in the Federal Action, within 30 days after the filing of a stipulation of dismissal of the Federal Action. Defendants may oppose the motion on any grounds other than that Bidwal is not the prevailing party. Unifund CCR Partners agrees that it will be solely responsible for paying any fees and costs awarded by the Court, by check made out to "Client Trust Account Of Consumer Law Office Of Robert Stempler, A Professional Law Corporation," and which check

shall be delivered to Plaintiff's counsel Robert Stempler within ten days of the decision by the court in the Federal Action on Bidwal's motion for attorneys fees and costs.

4.    **Dismissal Of Federal Action:** Bidwal shall dismiss the Federal Action with prejudice within ten days of receipt of an executed copy of this Agreement by all Defendants. The Parties agree that notwithstanding such dismissal, the court in the Federal Action retains jurisdiction to adjudicate Plaintiff's motion for attorney's fees and costs. The Parties shall cooperate in the signing and filing of a joint stipulation of dismissal which states that the court in the Federal Action retains jurisdiction to adjudicate Plaintiff's motion for attorney's fees and costs after dismissal, and that Plaintiff has 30 days after the filing of the stipulation to file that motion.

5.    **Mutual Releases:** The Parties hereby agree to the following releases:

(a)   Defendants release, waive, and discharge Bidwal from any and all claims of any kind whatsoever that were or could have been asserted in the Lawsuits or otherwise arising out of or related to the facts and circumstances described in the Lawsuits, including but not limited to any claim for damages, attorney fees, costs or sanctions, any claim on the Account. This release shall be effective as to Bidwal, including each of his heirs, past, present and future beneficiaries, next of kin, agents, attorneys, insurers, representatives, administrators, executors, successors, and assigns. This release is not intended to cover any claims arising from any breach of this Agreement.

(b)   Except as set forth below in subsection (c), Bidwal, and anyone acting on his behalf, releases, waives, and discharges Defendants from any and all existing claims of any kind whatsoever that were or could have been asserted in the Lawsuits or otherwise arising out of or related to the Lawsuits or the Account, including any claims related to collection or attempted collection on the Account. This release shall be effective as to each of the Defendants and any and all of their divisions, affiliates and any other person or entity sharing common control or ownership with them, and each of Defendants' present or former employees, officers, directors, shareholders, parents, members, partners, corporations, principals, agents, representatives, insurers, attorneys, assignors, assigns, predecessors, predecessors-in-interest, successors, successors-in-interest, consultants, vendors and collection agencies.

(c)   The foregoing release by Bidwal does not apply to (1) Bidwal's and his attorneys' claim for recovery of attorneys' fees and costs filed in the Federal Action (including any appeals thereof); (2) any claims arising from breach of this Agreement; or (3) any claims or causes of action which Bidwal may have against Jacobbi Williams, an employee or former employee of Electronic Document Processing, Inc., which claims are governed by a separate release entered into between Bidwal and Williams.

6.    **Waiver of Claims Under Federal and State Consumer Protection Code:** The releases enumerated above include claims which are both known or unknown, expected or unexpected, or have already developed or appeared or may now be unknown but in the future may appear, develop, or become known, including but not limited to claims for

Settlement Agreement and Mutual Release – Bidwal v. Unifund CCR Partners *et al.*

alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). The Parties also certify they have read the following provisions of California Civil Code Section 1542, and hereby expressly waive and relinquish any and all rights and benefits available in any capacity under its provisions. The Parties understand that California Civil Code Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties hereby represent they have each read and had an opportunity to consult with counsel regarding the meaning and implications of the California Civil Code Section 1542, and each does hereby expressly, knowingly, and intentionally waive any rights under this provision, electing instead to be bound exclusively by this Agreement.

7.  **Authority:** The Parties, and each of them, represent and warrant that no other person or entity has or has had any interest or right in the claims released by this Agreement, that the Parties each have the sole right and exclusive authority to execute this Agreement and to receive the consideration specified herein, and that none of the Parties has sold, assigned, transferred, conveyed, or otherwise disposed of the claims released by this Agreement. The Parties each represent and warrant that the party executing this Agreement on their behalf has the full and valid authority to do so and to make the release of claims set forth in this Agreement.

8.  **Agreement Understood:** In making this Agreement, the Parties rely wholly upon their independent review, judgment, belief, and knowledge. This Agreement is contractual in nature, is deemed to have been drafted by all Parties, and is made without reliance on any statements or representations of an opposing party. The Parties acknowledge that they have had a full and fair opportunity to consult with counsel regarding this Agreement.

9.  **No Admission of Liability:** This Agreement is made as a compromise to avoid further risk and expense, and to terminate any and all controversy and/or claims that may arise in connection with the Account and the Lawsuits, without admission of liability by any party except as specifically set forth herein. The Parties acknowledge that no representation of fact or opinion has been made by any party or anyone on their behalf to induce this compromise.

10. **Governing Law:** This Agreement shall be subject to and governed by the laws of the State of California.

11. **Attorney Fees & Costs:** Except as set forth above, the Parties shall bear their own attorney fees and costs in connection with this Agreement. However, the prevailing party in any action or proceeding brought to enforce this Agreement shall be entitled to their attorneys fees and costs.

12.   **Counterparts:** A fax, email, scan, or photocopy of this Agreement shall be deemed an original for all purposes. This Agreement may be executed in counterparts.

13.   **Severability:** In the event that any word, phrase, clause, or provision of this Agreement shall be determined by final judgment, after all appeals, to be invalid, only such provision of this Agreement shall be ineffective and deemed void, without invalidating any other provision of this Agreement.

14.   **Amendment:** There shall be no oral amendment of this Agreement. Any amendment shall be in writing and duly executed by all Parties.

15.   **Integration:** This Agreement constitutes the complete and entire agreement between the Parties and supersedes all previous negotiations, proposals, and understandings between the Parties and their counsel. The foregoing terms represent the only consideration for entering into this Agreement; no other promises or agreements of any kind have been made to cause the Parties to execute this Agreement. If the facts upon which the Parties have executed this Agreement are later found to be different from those facts now believed to be true, the Parties expressly accept and assume the risk of such possibility and acknowledge that this Agreement shall be and remain effective notwithstanding any such factual differences.

16.   **Effect of Headings:** The subject headings of this Agreement are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions.

**The Parties declare and acknowledge that they have read the foregoing Agreement, that they intend to be bound by this Agreement, and that they have executed this Agreement knowingly and voluntarily, with advice of counsel if applicable, without coercion, and with knowledge of the nature and consequences thereof.**

By: _____   Date: ___11/27/2018___
Susan D. Appel
Title: Legal Counsel
Unifund CCR Partners

By: _____   Date: ___11/27/18___
Matthew W. Quall

By: _____     Date: 11-27-18 _____
    Jagdeep Bidwal

By: _____     Date: _____
    Julio Ascorra

By:_____     Date: _____
    Print Name:
    Title:
    Quall Cardot LLP

By:_____     Date: _____
    Print Name:
    Title:
    Lang Richert & Patch, P.C.

By:_____     Date: _____
    Print Name:
    Title:
    Electronic Document Processing, Inc.

By: _____                Date: _____
    Jagdeep Bidwal

By: _____                Date: _11 - 29 - 18_
    Julio Ascorra

By:_____                 Date: _____
    Print Name:
    Title:
    Quall Cardot LLP

By:_____                 Date: _____
    Print Name:
    Title:
    Lang Richert & Patch, P.C.

By:_____                 Date: _____
    Print Name:
    Title:
    Electronic Document Processing, Inc.

Scanned with CamScanner

By: _____
     Jagdeep Bidwal

Date: _____


By: _____
     Julio Ascorra

Date: _____


By: _____
     Print Name: Matthew W. Quall
     Title: Partner
     Quall Cardot LLP

Date: 11/27/18


By: _____
     Print Name:
     Title:
     Lang Richert & Patch, P.C.

Date: _____


By: _____
     Print Name:
     Title:
     Electronic Document Processing, Inc.

Date: _____

By: _____
        Jagdeep Bidwal

Date: _____

By: _____
        Julio Ascorra

Date: _____

By:_____
        Print Name:
        Title:
        Quall Cardot LLP

Date: _____

By:_____
        Print Name: Mark L. Creede
        Title: President
        Lang Richert & Patch, P.C.

Date: 11/28/18

By:_____
        Print Name:
        Title:
        Electronic Document Processing, Inc.

Date: _____

By: _____          Date: _____
    Jagdeep Bidwal


By: _____          Date: _____
    Julio Ascorra


By:_____          Date: _____
    Print Name:
    Title:
    Quall Cardot LLP

By:_____          Date: _____
    Print Name:
    Title:
    Lang Richert & Patch, P.C.

By: _John T Collins President_          Date: _12-3-18_
    Print Name:
    Title:
    Electronic Document Processing, Inc.