TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625

Attorneys for Defendants
Unifund CCR Partners;
Unifund Portfolio A, LLC;
Matthew W. Quall;
Lang, Richert & Patch, A Professional Corporation;
EDP/One Touch;
J. Ascorra;
J. Williams

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAGDEEP S BIDWAL,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIFUND CCR PARTNERS; UNIFUND PORTFOLIO A, LLC; MATTHEW W. QUALL; LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION; EDP/ONE TOUCH; J. ASCORRA; J. WILLIAMS; AND DOES 1 TO 10;<br><br>    Defendants. | Case No. 3:17-cv-02699-LB<br><br>**DEFENDANTS' *EX PARTE* MOTION FOR ADMINISTRATIVE RELIEF RE: EXTENSION OF TIME TO OPPOSE APPLICATION FOR ATTORNEY'S FEES AND COSTS [LOCAL RULE 7-11]**<br><br>The Honorable Laurel Beeler |

Defendants UNIFUND CCR PARTNERS; UNIFUND PORTFOLIO A, LLC; MATTHEW W. QUALL; LANG, RICHERT & PATCH, A PROFESSIONAL CORPORATION (collectively "Defendants"), by and through their counsel of record, Tomio B. Narita, hereby submit this Motion for Administrative Relief pursuant to Local Rule 7-11.  Defendants are requesting an additional three weeks time to respond to Plaintiff's Motion for Attorney's Fees and Costs (Docket 112).  Prior to filing this motion, counsel for Defendants requested that counsel for Plaintiff agree to this brief continuance as a professional courtesy, but counsel for Plaintiff refused.

This was simple case, filed on behalf of a single plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* There were <u>no motions</u> filed by the defendants.  There were <u>no depositions</u> taken by any party.  The case never even got close to a trial.  Although Defendants knew the case had zero merit, rather than fight the case, Defendants made multiple attempts to reach a reasonable settlement.  After many failed attempts, Defendants finally settled with plaintiff.  The settlement requires this Court to retain jurisdiction to decide on the amount of fees and costs to be awarded to counsel for plaintiff.

On December 28, 2018, pursuant to the parties' agreement, this Court issued an order dismissing the action with prejudice, and retaining jurisdiction to decide Plaintiff's Motion for Attorney's Fees and Costs.

On January 28, 2019, Plaintiff filed a Motion for an Award of Attorney's Fees and Costs (Docket 112), and plaintiff set the Hearing for March 7, 2019.  In his motion, Plaintiff seeks a whopping **$359,865.00 in attorney's fees** to be awarded to three separate law firms for handling this routine FDCPA case.  In support of the motion, counsel for Plaintiff filed three separate declarations totaling 108 pages, along with a declaration of a purported expert witness who attaches a his own 45-page declaration.

As this Court has noted at prior status conferences in this matter, it is common in cases of this nature for the attorney's fees to be the tail that wags the dog.  It

appears, however, that counsel for plaintiff in this action are trying to set some sort of record for the size of the tail.  An attorney's fee application of this size might be warranted following a lengthy trial of a complicated and hotly-contested case.  In a simple case like this, the request is nothing short of breathtaking.

Counsel for Defendants, Tomio B. Narita, has requested that Plaintiff agree to a three-week extension to file the Opposition to the Motion, so that he may properly address all of the issues raised by this enormous fee request.  Mr. Narita does not have sufficient time to adequately prepare a response (which is now due on February 11, 2019), because he will be out of town during the week of February 4, 2019, presenting at a professional conference.  In addition, Mr. Narita is hampered in his ability to respond to the motion, because the associate attorney who worked with him on the case is no longer employed by his law firm.

In order to address a fee request of this incredible size, counsel will need to conduct substantial legal research, will need to work with his client and with third parties to prepare declarations to oppose the motion, and will need to spend extensive time analyzing each of the individual time entries submitted by counsel for Plaintiff in order to explain to the Court the reasons why fees for many of the dozens and dozens of time entries must be denied completely or substantially reduced.

Defense counsel respectfully requests that this Court grant its request for administrative relief, and that the Court continue the deadline for Defendants to file an Opposition to motion until March 4, 2019.  Defendants further request that any reply be filed within fourteen days of the response, and that the Court set a hearing date that is convenient for the Court's calendar.

DATED: January 29, 2019                    SIMMONDS & NARITA LLP
                                           TOMIO B. NARITA


                                           By:   /s/ Tomio B. Narita
                                                 Tomio B. Narita
                                                 Attorney for Defendants